**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

|  |  |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>SAPPORO JAPANESE RESTAURANT, LLC<br>D/B/A ASIAN RIVER RESTAURANT; and<br>POTIOHA TAYLOR,<br><br>    Defendants. | CIVIL ACTION NO.: 4:25-cv-79 |

**O R D E R**

For the below reasons, the Court **DENIES WITHOUT PREJUDICE** Owners Insurance Company's ("Owners") Motion for Default Judgment.  (Doc. 22.)

Owners filed this lawsuit seeking a declaratory judgment that it does not have to provide a defense or coverage to Sapporo Japanese Restaurant, LLC ("Sapporo") in a separate lawsuit filed by Potioha Taylor.  (Doc. 1.)  Taylor sued Sapporo in the State Court of Chatham County seeking recovery for injuries she suffered when she fell in Sapporo's restaurant ("the Underlying lawsuit").  (See doc. 1-2.)  Owners issued an insurance policy to Sapporo which "provides certain liability coverages which may be applicable to the claims in the Underlying Lawsuit."  (Doc. 1, p 6.)  Owners received a demand from Taylor for payment of her injuries.  (Id. at p. 17.)  Owners appointed counsel to represent Sapporo in the Underlying Lawsuit under a reservation of rights.  (Id. at p. 19.)  Owners contends that it does not have to provide coverage or a defense in the Underlying Lawsuit for several reasons.  (Id. at pp. 22–34.)

Owners named Taylor and Sapporo as defendants here, and it served both with its Complaint. (Docs. 6, 10.) Taylor appeared through counsel and filed an Answer asserting defenses to Owners' claims. (Docs. 12, 14.) But Sapporo has not filed an answer or otherwise appeared in this case. Thus, on August 15, 2025, the Clerk of Court entered Sapporo's default on the docket. (Doc. 21.) On November 19, 2025, Owners moved for default judgment against Sapporo. (Doc. 22.) The parties have taken little action in this case since the filing of that Motion, and the Court stayed this matter on April 3, 2026, pending ruling on the Motion for Default Judgment. (Doc. 24.)

Owners compellingly argues that, assuming the truth of the Complaint's allegations, it has no duty to defend or indemnify Taylor's claims in the Underlying Lawsuit. (Doc. 22-1, pp. 15–20.) But in arguing that default judgment is appropriate at this stage against Sapporo, Owners fails to acknowledge that, notably, Taylor is *not* in default. (See id. at pp. 20–21.)

The Eleventh Circuit Court of Appeals has deemed it a "sound policy" that, in cases involving similarly situated defendants, "judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984). Consequently, "where defendants are similarly situated, default judgment should not be rendered against one of them where a non-defaulting defendant may yet prevail on the merits." Essex Ins. Co. v. SEGA Ventures, LLC, No. 4:13-cv-253, 2014 WL 12658952, at *1 (S.D. Ga. Sept. 19, 2014); see also Christoff on behalf of Galexa, Inc. v. Inglese, No. 2:20-CV-546-SPC-NPM, 2022 WL 17987070, at *1 (M.D. Fla. Apr. 22, 2022); Visalus, Inc. v. Knox, No. 3:13-CV-107-J-39MCR, 2014 WL 2019299, at *2 (M.D. Fla. May 15, 2014). "This is especially true when an insurer seeks a declaratory judgment that an

insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations." Essex Ins. Co. v. SEGA Ventures, LLC, 2014 WL 12658952, at *1 (citing Essex Ins. Co. v. Moore, No. 6:11-CV-515-ORL-19, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011)). "In such cases, it is appropriate to deny the motion for default judgment without prejudice to reassertion at the conclusion of the proceedings against the remaining defendants." Essex Ins. Co. v. Moore, 2011 WL 3235685, at *1.

Owners has not acknowledged that Taylor is not in default much less explained why it should be granted judgment against Sapporo when its claims against Taylor are still pending. Sapporo and Taylor are similarly situated because Owners' claims against them are identical. Owners seeks a judgment against both that it does not have any obligation to indemnify or defend the Underlying Lawsuit, and it offers the same reasons as to Sapporo and Taylor for that relief. (See doc. 1.)  Granting Owners a default judgment against Sapporo would result in inconsistent judgments if Taylor ultimately prevails.  It is also unclear that granting judgment against only Sapporo at this stage would be helpful.  Presumably, Taylor would continue to pursue recovery from Owners and, as such, Owners may still provide a defense in the Underlying Lawsuit. "Simply put, entering judgment at this point would either be unnecessary or create a risk of inconsistent judgments." Christoff, 2022 WL 17987070, at *2.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Owners' Motion for Default Judgment. (Doc. 22.)  The Court **LIFTS** the stay of this matter. (See doc. 24.)  Within **fourteen (14) days** of the date of this Order, the parties shall meet and confer as required by Federal Rule of Civil Procedure 26(f).  Within **seven (7) days** after the required Rule 26(f)

Conference, the parties shall submit to the Court a written Report outlining their discovery plan.

In fulfilling these requirements, the parties shall adhere to the Rule 26 Instruction Order, (doc. 3).

**SO ORDERED**, this 21st day of April, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA